STEPHEN ZELLER, Bar No. 265664
Email Address: szeller@shanleyapc.com
CASEY JENSEN, Bar No. 263593
Email Address: cjensen@shanleyapc.com
members of SHANLEY, a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
Telephone (213) 488-4100
Telecopier (213) 488-4180

Attorneys for Plaintiffs, Carpenters Southwest Administrative Corporation and Board of Trustees for the Carpenters Southwest Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>    Plaintiffs,<br><br>v.<br><br>JONATHAN MARTINEZ CONSTRUCTION INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>1. DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS<br><br>2. SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT;<br><br>3. SPECIFIC PERFORMANCE FOR SPECIFIC MISSING REPORTS |

**JURISDICTION**

1. This is a civil action 1) to recover fringe benefit contributions; 2) specific performance to conduct an audit; and 3) for specific performance for specific missing reports. This action arises and jurisdiction of the court is founded as to Section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185a, and sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132 and 1145.

# FIRST CLAIM FOR RELIEF
# (DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS)

## PARTIES AND OTHERS

2. CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation ("CSAC") is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California. CSAC's principal place of business is in the County of Los Angeles, State of California.

3. At all relevant times herein, the BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly authorized and acting trustees of those ERISA Trust Funds defined in paragraph six.

4. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are also authorized agents to act on behalf of the remaining Funds and entities (defined in paragraph nine) with respect to these delinquencies. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are sometimes collectively referred to as PLAINTIFFS.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to PLAINTIFFS, who therefore sue the defendants by such fictitious names, and PLAINTIFFS will amend this complaint to show their true names and capacities when they have been ascertained.

6. At all relevant times Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186, and multiemployer plans within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

7. At all relevant times the Construction Industry Advancement Fund of

1  Southern California, the Residential Housing Contract Administration Trust Fund,
2  the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract
3  Administration Trust for Carpenter-Management Relations, were and are express
4  trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

5      8.   At all relevant times the Carpenters-Contractors Cooperation
6  Committee ("CCCC"), was and is a non-profit California corporation which exists
7  pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92
8  Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29
9  U.S.C. § 186(c)(9).

10     9.   CSAC is the administrator of Southwest Carpenters Health and Welfare
11 Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust,
12 and Southwest Carpenters Training Fund, and assignee of the Construction Industry
13 Advancement Fund of Southern California, the Residential Housing Contract
14 Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration
15 Trust, the Contract Administration Trust for Carpenter-Management Relations, the
16 Carpenters-Contractors Cooperation Committee, and Arizona Carpenters Joint
17 Labor-Management Cooperation Committee (collectively, the "PLANS"), and as
18 such is a plan fiduciary within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

19     10.  The duly authorized and acting trustees or directors of each of the
20 PLANS have also assigned to CSAC all their right, title and interest in and to any
21 and all amounts due and owing to the respective PLANS by the employer as herein
22 alleged.

23     11.  Southwest Regional Council of Carpenters and its affiliated local
24 unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners
25 of America, are labor organizations that are a party to the collective bargaining
26 agreements involved.

27     12.  At all relevant times employer, JONATHAN MARTINEZ
28 CONSTRUCTION INC., a California corporation; and DOES 1 through 10,

inclusive, ("EMPLOYER") was a contractor engaged in the construction industry within the jurisdiction of the relevant UNIONS.

## OPERATIVE ALLEGATIONS

13. On or about the date set forth thereon, EMPLOYER made, executed and delivered to the UNION, a Southwest Regional Council of Carpenters Memorandum Agreement dated June 18, 2019 ("MEMORANDUM AGREEMENT"). A true and correct copy is attached hereto marked as Exhibit "1", and incorporated herein by reference.

14. The MEMORANDUM AGREEMENT binds EMPLOYER to the terms and conditions of the Southern California Carpenters Master Labor Agreement between the United General Contractors Association, Inc. and the Southwest Regional Council of Carpenters, dated July 1, 2016, and any renewals or subsequent Master Labor Agreements, and the PLANS' agreements and any amendments, modifications, extensions, supplementations or renewals of the PLANS' agreements (collectively referred to as "AGREEMENTS"). The PLANS are third party beneficiaries of the MEMORANDUM AGREEMENT and Master Labor Agreements.

15. The AGREEMENTS require EMPLOYER to pay fringe benefit contributions at the rates set forth therein for every hour worked by employees performing services covered by the AGREEMENTS, and on account of all compensation paid to employees performing services covered by the AGREEMENTS.

16. The AGREEMENTS require EMPLOYER to make the fringe benefit contributions by way of Employers Monthly Reports ("REPORTS") to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid. Further, the AGREEMENTS specifically provide that the venue of an action to recover delinquent fringe benefit contributions shall be in the

County of Los Angeles.

17. In acknowledging both that the regular and prompt payment of employer contributions is essential to the maintenance of the PLANS, and the extreme difficulty, if not impracticability, of fixing the actual expense and damage to the PLANS when such monthly contributions are not paid when due, the AGREEMENTS provide that the amount of contractual damages to the PLANS resulting from a failure to pay contributions when due shall be presumed to be the sum of $30.00 per delinquency or 10 percent of the amount of the contributions due, whichever is greater. This amount shall become due and payable to the CSAC as liquidated damages in addition to the unpaid contributions or contributions paid late.

18. EMPLOYER engaged workers who performed services covered by the AGREEMENTS and who performed labor on works of construction within the jurisdiction of the AGREEMENTS undertaken by EMPLOYER during the term of the AGREEMENTS.

19. EMPLOYER has failed to pay the fringe benefit contributions in the manner prescribed by the AGREEMENTS, and there is now due and owing the PLANS from EMPLOYER the amounts set forth in Exhibit "2".

20. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for interest on the unpaid contributions from the first of the month following the date due, at the rate prescribed by the AGREEMENTS.

21. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for an amount equal to the greater of interest on the unpaid contributions as prescribed by section 6621 of the Internal Revenue Code of 1954, 26 U.S.C. §6621, or liquidated damages provided for under the AGREEMENTS.

22. It has been necessary for PLAINTIFFS to engage counsel to bring this

1 action to recover the delinquent fringe benefit contributions. Pursuant to the
2 AGREEMENTS and section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2),
3 EMPLOYER is liable for reasonable attorneys' fees incurred in litigating this
4 matter.

     23.    The PLANS have complied with all conditions precedent.

     24.    CSAC has, concurrently with the filing of this complaint, served a copy of same upon the Secretary of Labor and Secretary of the Treasury.

**PLAINTIFFS' SECOND CLAIM FOR RELIEF**

**(SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT)**

     25.    PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 24 of their First Claim for Relief and allege a Second Claim for Relief against EMPLOYER as follows:

     26.    This action for specific performance arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947 ("LMRA")(29 U.S.C. Section 185A) and section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C.A. Section 1132).

     27.    The AGREEMENTS require EMPLOYER to permit the PLANS to audit and copy all EMPLOYER's records to determine whether the EMPLOYER has made the appropriate contributions to the PLANS.

     28.    The AGREEMENTS provide that the PLANS have the specific authority to examine the EMPLOYER's job cost records, general check registers and check stubs, bank statements and canceled checks, general ledgers, cash disbursements ledgers, worker compensation insurance reports, financial statements, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, forms W-2, 1099 and 1096 remitted to the U.S. Government, quarterly state tax returns, health and welfare and pension reports for all other trades, cash receipts' journal, copies of all contracts and all material invoices.

29. The PLANS have requested access to EMPLOYER's business records for the purpose of conducting an audit.

30. EMPLOYER has failed and/or refuses to allow the PLANS to complete such an audit.

## THIRD CLAIM FOR RELIEF FOR
## (SPECIFIC PERFORMANCE FOR SPECIFIC
## MISSING REPORTS)

31. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 30 of their First and Second Claims for Relief and allege a Third Claim for Relief against EMPLOYER for Specific Performance for Specific Missing Reports as follows:

32. This action for specific performance arises and jurisdiction of the court is founded on Section 301 of the LMRA (29 U.S.C. §185A) and Section 502 of ERISA, as amended (29 U.S.C. §1132).

33. The AGREEMENTS require EMPLOYER to complete and submit REPORTS stating the amount of contributions owed along with fringe benefit contributions to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid for.

34. EMPLOYER has failed to submit REPORTS and contributions for the following months August 2021.

35. The PLANS have no adequate or speedy remedy at law, as the PLANS are unable to calculate the amount owing.

///
///
///
///
///

Wherefore PLAINTIFFS pray for judgment as follows:

**FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF**

**(DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS)**

1. For unpaid contributions in the sum of $2,899.08;

2. For interest and liquidated damages, as provided in the AGREEMENTS;

3. For audit costs;

4. For a statutory amount equal to the greater of the interest on unpaid contributions which were owing as of the time of the filing of the complaint herein (at the rate prescribed by law), or liquidated damages as provided in the AGREEMENTS, in an amount to be determined.

**FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF**

**(SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT)**

1. That EMPLOYER be compelled to forthwith submit to completion of an audit of EMPLOYER business records covering the period from January 1, 2020 through the present, by the PLANS' auditors at the premises of EMPLOYER during business hours, at a reasonable time or times, and to allow the auditors to examine and copy the following books, records, papers, documents and reports of EMPLOYER:  all job cost records, general check register and check stubs, bank statements and canceled checks, general ledgers, worker compensation insurance reports, financial statements, cash disbursements ledgers, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, forms W-2, 1099 and 1096 remitted to the U.S. Government, quarterly state tax returns, health and welfare and pension report for all other trades, cash receipts' journal, copies of all contracts, and all material invoices.

///

///

## FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF
## (SPECIFIC PERFORMANCE FOR SPECIFIC MISSING REPORTS)

1. That EMPLOYER be compelled to forthwith submit the REPORTS for the following month along with the appropriate contributions: August 2021.

## AS TO ALL PLAINTIFFS' CLAIMS FOR RELIEF

1. For reasonable attorneys' fees;
2. For costs of this action;
3. For further contributions according to proof; and
4. For such other and further relief as the court deems proper.

Dated: October 12, 2021

SHANLEY, a Professional Corporation

By: _____
STEPHEN ZELLER
Attorneys for Plaintiffs,
CARPENTERS SOUTHWEST
ADMINISTRATIVE CORPORATION
and BOARD OF TRUSTEES FOR THE
CARPENTERS SOUTHWEST TRUSTS